## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JEANNA GODWIN**,

    Plaintiff,

       v.

**GEORGE WASHINGTON HOTEL CORPORATION**,

    Defendant.

Case No. 2:22-cv-01066-PLD

Related to ECF No. 13

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

By Defendant's *Motion to Compel*, Defendant[1] ("GW Hotel") respectfully requests two forms of relief.

*First*, GW Hotel requests dismissal of Plaintiff's claim (Count II) under the Pennsylvania Human Relations Act (the "PHRA") for failure to exhaust administrative remedies because Plaintiff ("Godwin") failed to file any charge under the PHRA, and failure to file a charge under the PHRA is an absolute bar to suit. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); 43 Pa.C.S.A. §§ 959(a), 962.

*Second*, GW Hotel requests dismissal of Godwin's request for punitive damages because Plaintiff fails to allege any facts to support consideration of punitive damages.

---

[1]    Defendant's name should be "The George Washington, L.P." Defendant notified Plaintiff that the name should be amended, but Plaintiff did not correct this error upon filing the First Amended Complaint, ECF No. 11.

**<u>Statement of Facts</u>**[2]

Godwin alleges that she was contacted by GW Hotel on or about August 3, 2021, regarding Godwin's application for employment by GW Hotel. *See* First Am. Compl. ¶ 10, ECF No. 1. Godwin alleges that she was extended an offer of employment as a banquet bartender at GW Hotel's Washington, Pennsylvania location.[3] *See id.* ¶ 11. According to Godwin, she arrived at GW Hotel's location to meeting with its hiring manager and to complete pre-employment paperwork. *See id.* ¶ 12. During that meeting, Godwin alleges, GW Hotel's hiring manager informed Godwin that she would be required to undergo drug testing, to which Godwin responded that she was prescribed a methadone maintenance treatment plan. *See id.* ¶¶ 13-14. Following the meeting, Godwin alleges, GW Hotel rescinded the "offer of employment" because Godwin would not be able to pass the "drug test with flying colors. *See id.* ¶ 16. In response to Godwin's inquiry into whether the "offer of employment" was rescinded even though she was only taking a prescribed medication, Godwin alleges, the hiring manager responded that she asked the owners and they said that Godwin had to pass "or else." *See id.* ¶¶ 17-18.

---

[2]     These facts are taken at face from Godwin's First Amended Complaint, as required on a motion to dismiss. *See Rea v. Federated Investors*, 627 F.3d 937, 940 (3d Cir. 2010). GW Hotel's factual disputes will be addressed at a later time, but GW Hotel alerts the Court that Godwin's Complaint is replete with false statements. For example, Godwin was <u>never</u> offered employment with GW Hotel for several reasons, including Godwin's lack of professionalism, such as appearing for her interview in a tank top and cussing during her interview. GW Hotel never considered Godwin's methadone prescription in deciding not to hire her. Accordingly, in the event that GW Hotel prevails in this action, GW Hotel will request attorneys' fees because this litigation is, *inter alia*, frivolous, unreasonable, and without foundation. *See EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997).

[3]     Godwin does not explain how she was offered employment. She appears to allege that she was offered employment by the merits of her application alone or perhaps without any in-person interview.

On July 26, 2022, Godwin filed suit in this Court against GW Hotel asserting two claims. Godwin alleges that rescinding the "offer of employment" was a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, in Count I, (the "ADA Claim"), and a violation of the Pennsylvania Human relations Act, 43 Pa.C.S.A. § 951, *et seq.*, in Count II (the "PHRA Claim"). *See generally* First Am. Compl. ¶¶ 23-40.

Godwin alleges that she "has exhausted her administrative remedies prior to bringing this civil rights claims" and that she "dual filed her claims with the EEOC as well as the Pennsylvania Human Relations Commission when she filed her charge. *See id.* ¶¶ 7-8. Attached to the First Amended Complaint as Exhibit B is a "Charge of Discrimination" dated November 29, 2021.

## Jurisdiction

This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because Count I alleges a violation of a law of the United States. The Court has pendent jurisdiction over Count II pursuant to 28 U.S.C. § 1367 because Count II is a state law claim that is alleged in connection with Count I.

## Legal Standards

A court deciding a Rule 12(b) motion must conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, "the factual and legal elements of a claim should be separated. The [court] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* Second, a court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

The Supreme Court has admonished courts to disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "[L]abels and conclusions" are insufficient to meet "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations and internal quotation marks omitted). Instead, a plaintiff must plead sufficient facts that push claims "'across the line from conceivable to plausible.'" *Fowler*, 578 F.3d at 212 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## Argument

Godwin's PHRA Claim (Count II) must be dismissed because Godwin failed to exhaust administrative remedies prior to filing suit. Godwin's request for punitive damages should likewise be dismissed because Godwin fails to allege sufficient facts to support punitive damages.

**I.    GODWIN'S PHRA CLAIM (COUNT II) MUST BE DISMISSED BECAUSE GODWIN DID NOT EXHAUST ADMINISTRATIVE REMEDIES.**

Before a party can file a civil action for a PHRA claim, the party *must* file a charge with the Pennsylvania Human Relations Commission (the "PHRC"). *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); 43 Pa.C.S.A. §§ 959(a), 962. A complainant *may not* file a suit unless the PHRC dismisses a PHRC complaint, the PHRC enters a conciliation agreement, or one year passes without resolution of a PHRC complaint. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001). This Court has previously recognized that "The failure to exhaust the administrative process requires dismissal of a PHRA claim." *See Rodriguez v. CP Development, Inc.*, 2021 WL 3037712, at *12 (W.D. Pa. July 19, 2021) (J. Dodge) (citing *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 922-23 (Pa. 1989)).

Here, Godwin's Charge of Discrimination, attached to the First Amended Complaint as Exhibit B, is dated November 29, 2021. Godwin does not allege that the PHRC dismissed the PHRC complaint or that the PHRC entered a conciliation agreement. Therefore, the sole question before the Court is whether one year has expired since Godwin filed her Charge of Discrimination. It has been less than one year, therefore the Charge of Discrimination is still pending before the PHRC. Accordingly, Godwin's claim must be dismissed.

Prior to filing the First Amended Complaint, the parties agreed that Plaintiff would withdraw the PHRA claim until one year expired from the date that Plaintiff filed the PHRC complaint. Instead, Plaintiff refiled the complaint by adding one sentence to Paragraph 7 and by adding Exhibit B. By filing the PHRA claim, Plaintiff forecloses the PHRC's ability to act on the PHRC complaint. *See id.* (citing *DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 587-88 (E.D. Pa. 2010).

Accordingly, GW Hotel respectfully requests that this Court dismiss Godwin's PHRA Claim (Count II).

## II.    GODWIN'S REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED BECAUSE GODWIN FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT PUNITIVE DAMAGES UNDER THE ADA.

Godwin fails to allege sufficient facts to support an award of punitive damages, and thus her request for punitive damages should be dismissed.[4]

A party seeking punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) must show that the employer's actions were "with malice or with reckless indifference." *Id.*; *see Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 573 (3d Cir. 2002). To do so, a plaintiff must show

---

[4]    Godwin does not request punitive damages in her statement of her PHRA Claim.

that the employer "must at least discriminate in the face of a perceived risk that its actions will violate federal law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-36 (1999). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Id.* at 325.

Here, Godwin does not allege any facts to support any knowledge by GW Hotel that it "may be acting in violation of federal law." *See id.* Under the *Iqbal-Twombly* pleading standards, Godwin has failed to plead sufficient facts that push claims "'across the line from conceivable to plausible.'" *Fowler*, 578 F.3d at 212. Accordingly, Godwin's request for punitive damages under her ADA Claim must fail.

Respectfully submitted,

*/s/ Anthony T. Gestrich*
Anthony T. Gestrich
Pa. Bar I.D. No. 325844

Whiteford Taylor & Preston LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222

AGestrich@wtplaw.com
T:  412.275.2400
F:  412.567.7564

*Counsel for Defendant*

Date:   October 17, 2022