# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JEANNA GODWIN | : | JURY DEMANDED |
| Plaintiff, | : | |
| v. | : | |
| | : | No.    22-1066 |
| GEORGE WASHINGTON HOTEL CORPORATION | : | |
| Defendants | : | |

### PLAINTIFF'S .BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Jeanna Godwin ("Plaintiff") by and through her undersigned attorneys, hereby oppose the Motion to Dismiss Plaintiff's PHRA Claim and demand for punitive damages filed by Defendant, The George Washington Hotel ("Defendant") and in support thereof, argues as follows:

1. **Plaintiff is entitled to equitable exception to exhaustion requirement.**

While Defendant is technically accurate in certain respects of its argument in favor of dismissal of the Plaintiff's PHRA Claim, equitable considerations preclude the dismissal of that claim without prejudice to re-filing.   As described in the Plaintiff's Amended Complaint, Plaintiff filed an EEOC charge and noted on that charge that she dual filed that charge with the Pennsylvania Human Relations Act.  See Plaintiff's charge, attached hereto as an Exhibit to her Amended Complaint.  Prior to the one-year time period for the PHRA to review the Complaint, the EEOC issued its dismissal and notice of rights on May 4, 2022, providing Plaintiff a ninety (90) time period with which to file her ADA claims in this Honorable Court.  Given the timing of the issuance of the dismissal and notice of rights, the filing of Plaintiff's PHRA claim after the one year investigation period of the PHRA claim by the Pennsylvania Human Relations

Commission, was rendered impossible to accomplish while also preserving the ADA claims.

Equitable considerations should permit the Plaintiff's PHRA claim to proceed. Especially, in

light of the fact that the Plaintiff will at some point in this litigation presumably be permitted to

join the PHRA claim after expiration of the one year investigation period and the request for a

right to sue letter from the PHRC.

Defendant's Motion to Dismiss should be denied as to this issue.

2. **Plaintiff's Complaint sufficiently alleges facts giving rise to punitive damages under the ADA.**

Defendant's Motion to dismiss the Plaintiff's demand for punitive damages should also

be denied as the Plaintiff has alleged purposeful, intentional conduct within her Amended

Complaint. Plaintiff alleges that upon discovering her past addiction issues and methadone

maintenance program, Defendant rescinded a job offer, in violation of the ADA and the PHRA.

Accepting all well-pled facts as true, Defendant is not entitled to dismissal of the Plaintiff's

demand for punitive damages.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   /s/Graham F. Baird
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Jeanna Godwin

Date: November 7, 2022