## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNA GODWIN | : | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| GEORGE WASHINGTON HOTEL | : | |
| CORPORATION | : | |
| | : | |
| Defendants | : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, JEANNA GODWIN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, GEORGE WASHINGTON HOTEL CORPORATION (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7.      Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]  Plaintiff dual filed her claims with the EEOC as well as the Pennsylvania Human Relations Commission when she filed her charge.  [Exh. B.]

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Western District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

9.      At all times material hereto, Plaintiff is prescribed a methadone maintenance program, which Plaintiff has been on for several years with no issue nor relapses.

10.     On or about August 3, 2021, Defendant contacted Plaintiff with regards to an application for employment Plaintiff had submitted.

11.     At that time, Defendant extended an offer of employment to Plaintiff as a banquet bartender for their Washington, Pennsylvania location as captioned above.

12.     On or about August 12, 2021, Plaintiff arrived at Defendant's location to meet with Defendant's hiring manager, Caitlin, to complete pre-employment paperwork.

13.     During the course of this discussion, Caitlin mentioned that Plaintiff would be subjected to onsite drug testing.

14.     At that point, Plaintiff disclosed to Caitlin that she was prescribed a methadone maintenance treatment plan and would be able to provide her physician's certification of same.

15.     Caitlin indicated that it should not be an issue; and additionally advised Plaintiff to be sure to bring the certification.

16. A few hours following this meeting and discussion, Caitlin called Plaintiff and stated that Defendant was rescinding its offer of employment since Plaintiff would not be able to "pass [Defendant's] drug test with flying colors."

17. Plaintiff asked if they were rescinding the offer even though she was only taking medication that was prescribed to her.

18. Caitlin responded that she had asked Defendant's owners and they had said that Plaintiff "had to pass or else."

19. Plaintiff had been referred to apply with Defendant by a longtime employee of theirs, and additionally, Plaintiff has over twenty (20) years of serving and bartending experience.

20. Defendant failed to hire Plaintiff based on a disability/perceived disability.

21. At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical condition and need to take prescribed addiction maintenance medication, and failed to hire her as a result of that animus.

22. As a direct and proximate result of Defendant's conduct toward Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I– AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**
**(Plaintiff v. Defendants)**

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

24. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

25. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

26. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27. At all times material hereto, Plaintiff had a qualified disability, as described above.

28. Defendant failed to hire Plaintiff because she disclosed her disability.

29. Defendant's conduct in failing to hire Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

32. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

33.    Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34.    As set forth above, Plaintiff is a member of a protected class.

35.    Defendants rescinded their offer of employment to Plaintiff.

36.    As set forth above, a motivating factor in the decision to rescind the offer of employment to Plaintiff is Plaintiff's disability.

37.    Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated able-bodied employees, who received more favorable treatment by Defendants.

38.    As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

39.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40.    Plaintiff demands attorneys' fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, JEANNE GODWIN demands judgment in her favor and against Defendant, GEORGE WASHINGTON HOTEL CORPORATION, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: s/ Graham F. Baird

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Jeanna Godwin

Date: 10/3/2022

# EXH. A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/04/2022

**To:** Ms. Jeanna Godwin
120 Cherry Street
Canonsburg, PA 15317

Charge No: 530-2022-01907

EEOC Representative:          Legal Unit (267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2022-01907.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/04/2022

Karen McDonough
Enforcement Manager

**Cc:**
Robert Plutto
THE GEORGE WASHINGTON HOTEL CORPORATION
generalmanager@thegeorgewashington.com

Graham F Baird
LAW OFFICES OF ERIC A. SHORE
GrahamB@ericshore.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2022-01907 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXH. B

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**Pennsylvania Human Relations Commission** _____ and EEOC

_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs.)_ | Home Phone _(Incl. Area Code)_ | Date of Birth |
|---|---|---|
| **Ms. Jeanna Godwin** | **412.862.5053** | **3/17/1982** |

| Street Address | City, State and ZIP Code |
|---|---|
| **120 Cherry Street** | **Canonsburg, PA 15317** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| **George Washington Hotel Corporation** | **>20** | **724.225.3200** |

| Street Address | City, State and ZIP Code |
|---|---|
| **60 S. Main Street** | **Washington, PA 15301** |

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON _(Check appropriate box(es).)_ | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER _(Specify below.)_ | Earliest **8/12/2021**   Latest **8/12/2021**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

On or about August 3, 2021, George Washington Hotel Corporation ("Respondent") contacted Ms. Jeanna Godwin with regards to an application she had submitted to extend an offer of employment as a banquet bartender for their Washington, Pennsylvania location as captioned above. At all times material hereto, Ms. Godwin is prescribed a methadone maintenance program, and has been for several years with no issue, nor relapse.

On or about August 12, 2021, Ms. Godwin arrived at Respondent's location to meet with Respondent's hiring manager, Caitlin, to complete pre-employment paperwork. During the course of this discussion, Caitlin mentioned that Ms. Godwin would be subjected to onsite drug testing. At that point, Ms. Godwin disclosed to Caitlin that she was prescribed a methadone maintenance treatment plan and would be able to provide Respondent her physician's certification of same. Caitlin indicated that it should not be an issue, and to make sure to bring the certification.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/29/2021 _Date_    _Charging Party Signature_<br>Electronically Signed   2021-11-29 19:59:29 UTC - 108.32.94.194<br>AssureSign®   74ba03ca-9121-4ad0-8313-adef0147674b | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| **Pennsylvania Human Relations Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

A few hours following this meeting and discussion, Caitlin called Ms. Godwin and stated that Respondent was rescinding its offer of employment since Ms. Godwin would not be able to "pass their drug test with flying colors." Ms. Godwin asked if they were rescinding this offer even though she was only taking medication that was prescribed to her; however, Caitlin responded that she had asked Respondent's owners and said that Ms. Godwin "had to pass or else."

Ms. Godwin had been referred to apply with Respondent by a longtime employee of theirs, and additionally Ms. Godwin has over twenty (20) years of serving and bartending experience. Respondent failed to hire Ms. Godwin based on a perceived disability and her need to be on an addiction maintenance medication as prescribed by her physician.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/29/2021<br><br>*Date*　　　　　*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Electronically Signed    2021-11-29 19:59:56 UTC - 108.32.94.194

AssureSign®    4e638bae-1a5b-476f-86fa-adef0147674f