## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNA GODWIN | : | JURY DEMANDED |
| Plaintiff, | : | |
| v. | : | |
| | : | No.    22-1066 |
| THE GEORGE WASHINGTON, LP | : | |
| Defendants | : | |

## SECOND AMENDED CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, JEANNA GODWIN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, THE GEORGE WASHINGTON LP (hereinafter "Defendant") is a business corporation and/or limited partnership organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business in Washington, Pennsylvania.

3. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

      7.      Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

      8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Western District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

      9.      At all times material hereto, Plaintiff is prescribed a methadone maintenance program, which Plaintiff has been on for several years with no issue nor relapses.

      10.      On or about August 3, 2021, Defendant contacted Plaintiff with regards to an application for employment Plaintiff had submitted.

      11.      At that time, Defendant extended an offer of employment to Plaintiff as a banquet bartender for their Washington, Pennsylvania location as captioned above.

      12.      On or about August 12, 2021, Plaintiff arrived at Defendant's location to meet with Defendant's hiring manager, Caitlin, to complete pre-employment paperwork.

      13.      During the course of this discussion, Caitlin mentioned that Plaintiff would be subjected to onsite drug testing.

      14.      At that point, Plaintiff disclosed to Caitlin that she was prescribed a methadone maintenance treatment plan and would be able to provide her physician's certification of same.

      15.      Caitlin indicated that it should not be an issue; and additionally advised Plaintiff to be sure to bring the certification.

16. A few hours following this meeting and discussion, Caitlin called Plaintiff and stated that Defendant was rescinding its offer of employment since Plaintiff would not be able to "pass [Defendant's] drug test with flying colors."

17. Plaintiff asked if they were rescinding the offer even though she was only taking medication that was prescribed to her.

18. Caitlin responded that she had asked Defendant's owners and they had said that Plaintiff "had to pass or else."

19. Plaintiff had been referred to apply with Defendant by a longtime employee of theirs, and additionally, Plaintiff has over twenty (20) years of serving and bartending experience.

20. Defendant failed to hire Plaintiff based on a disability/perceived disability.

21. At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical condition and need to take prescribed addiction maintenance medication, and failed to hire her as a result of that animus.

22. As a direct and proximate result of Defendant's conduct toward Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

24. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

25. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

26. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27. At all times material hereto, Plaintiff had a qualified disability, as described above.

28. Defendant failed to hire Plaintiff because she disclosed her disability.

29. Defendant's conduct in failing to hire Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

32. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, JEANNA GODWIN demands judgment in her favor and against Defendant, GEORGE WASHINGTON HOTEL CORPORATION, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: s/ Graham F. Baird
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Jeanna Godwin

Date: 12/2/2022

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNA GODWIN | : | JURY DEMANDED |
| Plaintiff, | : | |
| v. | : | No.   22-1066-PLD |
| GEORGE WASHINGTON HOTEL CORPORATION | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

On December 2, 2022 the undersigned served the foregoing Second Amended Complaint via e-filing upon the following:

Anthony T. Gestrich, Esq.
Whiteford Taylor Preston
11 Stanwix Street
Suite 1400
Pittsburgh, PA 15222
*Attorneys for Defendant*

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:____/s/Graham F. Baird_____
**GRAHAM F. BAIRD, ESQUIRE**
Attorney for Plaintiff, Jeanna Godwin