# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEANNA GODWIN,** | |
| Plaintiff, | |
| v. | Case No. 2:22-cv-01066-PLD |
| **THE GEORGE WASHINGTON, LP,** | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

This matter has come before the Court upon stipulation of the parties; it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and the Court is otherwise advised in the premises, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential Material").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Material").

3. All Confidential Material and Attorneys' Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose.

4. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

   a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have been provided with a copy of this Protective Order and agree to be bound by the Protective Order;

   c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the individuals identified in Paragraph 4(a) and 4(b) of this Order;

   d) The Court and court personnel;

   e) Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was involved

in the subject matter described therein or is employed by the party who produced the Confidential Material or if the producing party consents to such disclosure; and

  f) The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and other employees involved in or assisting with respect to this lawsuit.

5. Confidential Material shall be disclosed only to individuals permitted access to it under Paragraph 4. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until, and unless, (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only Material may be disclosed only to individuals permitted access to it under Paragraph 4(a)-(e) and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written consent of counsel for the producing party or by order of the Court.

7. If counsel for a party receiving Confidential Material or Attorneys' Eyes Only Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

  (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for designating the Confidential Material or Attorneys' Eyes Only Material as such. If no timely written response is

      made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

  (b)  If a dispute as to the designation of Confidential Material or Attorneys' Eyes Only Material as such cannot be resolved by agreement, the objecting party shall present the dispute to the Court initially by filing a formal motion for an order regarding the challenged designation. The designation of Confidential Material or Attorneys' Eyes Only Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  8.  If any court filing incorporates Confidential Material or would reveal its contents, the party incorporating such Confidential Material shall file a motion or stipulated order to seal the Confidential Material, and the portions of such filing shall be delivered to the Court in a manner consistent with the local rules and requirements of the Court while noting that such material is "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data or that set forth the substance of such Confidential Material unless independent good cause is demonstrated.

  9.  With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated as Confidential Material, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential Material, all parties shall immediately

cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

10. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. The inadvertent or unintentional disclosure of Confidential Material or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as Confidential Material within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity ("Privileged Material") is discovered by the producing party and brought to the attention of the receiving party. The receiving party shall promptly return or delete any such inadvertently or mistakenly produced Privileged Material. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself

constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure provided; however, that any such dispute shall not relieve the receiving party of its obligation to return or delete the materials that are subject to the claim of privilege or work-product immunity pending adjudication of any such dispute.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Order.

14. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

16. Within 60 days after the final conclusion of this litigation, including any appeal therefrom, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies Confidential Material and Attorneys' Eyes Only Material and to destroy, should such source so request, all reasonably accessible copies of Confidential Material and Attorneys' Eyes Only Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests

revealing Confidential Material or Attorneys' Eyes Only Material; provided, however, that counsel may retain complete copies of all Confidential Material and Attorneys' Eyes Only Material for archival or billing purposes, subject to the provisions of this Order. Provided, also however, that parties and counsel are only obligated to return or destroy reasonably accessible copies of documents and items containing Confidential Material or Attorneys' Eyes Only Material. Parties and counsel are not required to destroy backups. To the extent a party requests the return of Confidential Material or Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

BY THE COURT:

_____

So stipulated on this 20th day of January, 2023:

By: /s/ Graham F. Baird  
Graham F. Baird, Esquire  
Law Offices of Eric A. Shore, P.C.  
Two Penn Center  
1500 JFK Boulevard, Suite 1240  
Philadelphia, PA 19110  
GrahamB@ericshore.com  
267-546-0131  

Counsel for Plaintiff

By: /s/ Anthony T. Gestrich  
Anthony T. Gestrich, Esquire  
Whiteford, Taylor & Preston LLP  
11 Stanwix Street, Suite 1400  
Pittsburgh, PA 15222  
AGestrich@wtplaw.com  
412-275-2400  

Counsel for Defendant