IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEANNA GODWIN**, <br><br> Plaintiff, <br><br> v. <br><br> **THE GEORGE WASHINGTON, LP**, <br><br> Defendant. | Case No. 2:22-cv-01066-PLD |

CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, The George Washington, LP (the "Defendant"), by and through its undersigned counsel, files this Concise Statement of Material Facts (the "Statement") in support of its Motion for Summary Judgment (the "Motion") and avers as follows:

**I.      Background of the Parties**

   **a.      The George Washington, LP (Defendant)**

1.      Defendant operates a hotel and event venue in Washington, Pennsylvania. *See* Compl. ¶ 2; Appx. 1 - Hutchison Dep. 8:18-19.[1]

2.      During the period from August, 2020 through August 2021, Defendant consistently employed less than 101 employees total, including full-time employees, part-time employees, and seasonal workers. *See* Appx. 2 - GW_0099 (showing all persons employed during any portion of the applicable time period).[2]

---

[1] The relevant pages of Caitlin Hutchison's Deposition Transcript (the "Hutchison Dep.") are produced in Defendant's Appendix in Support of Summary Judgment (the "Appx.") at Exhibit 1. Hereafter, Defendant will refer to the applicable Appx. Exhibit as "Appx. _".

[2] Each employee is identified by employee number only, as each employee's name has been redacted from the spreadsheet. Plaintiff received an unredacted version in discovery in this matter.

3. Defendant hosts large events such as weddings and anniversary parties. *See* Appx. 1 - Hutchison Dep. 15:15-19.

4. Defendant employs banquet bartenders to service these large events. *See* Appx. 3 - Plutto Dep. 14:15-16:1.[3]

5. Depending on the size on event, either one or two banquet bartenders will service the event. Appx. 3 - Plutto Dep. 34:4-25.

6. For events with less than 150 guests, one banquet bartender will service the event. Appx. 3 - Plutto Dep. 34:9-12.

7. For events with more than 150 guests, two banquet bartenders service the event. Appx. 3 - Plutto Dep. 34:13-35:1.

8. The second banquet bartender at an event with more than 150 guests is referred to as a backup bartender. Appx. 3 - Plutto Dep. 34:4-25.

9. Defendant's most senior banquet bartender is Deborah Kline, who has been employed with Defendant for over four and a half years. Appx. 3 - Plutto Dep. 16:2-4; 26:9-12; 34:4-8.

    **b. Jeanna Godwin (Plaintiff)**

10. Plaintiff has a history of dealing and using drugs. Appx. 4 - Godwin Dep. 13:8-14; 19:23-20:1; 23:9-24:3.[4]

11. In 2008, Plaintiff was prescribed methadone to treat her drug addiction and has been taking methadone daily since that time. Appx. 4 - Godwin Dep. 60:14-15; 65:16-17.

---

[3] The Transcript for the Deposition of Robert Plutto is referred to as the "<u>Plutto Dep.</u>"
[4] The Transcript for the Deposition of Plaintiff, Jeanna Godwin is referred to as the "<u>Godwin Dep.</u>"

12. Plaintiff has held almost two dozen bartending and serving positions in the last two decades, averaging "a couple months to a few years" in each position. Appx. 4 - Godwin Dep. 12:17-13:7; Ex. A (Godwin's Resume).

13. Plaintiff has been involuntarily terminated from several of these positions. Appx. 4 - Godwin Dep. 13:8-15; 16:10-17:4; 19:20-20:6; 26:11-16; 32:24-33:17.

14. In addition, Plaintiff has been terminated from two positions in the time since she applied to work for Defendant:

    a. In September 2022, Plaintiff walked out during a scheduled shift at Bull Penn Rustic Inn after Plaintiff's manager confronted her about closing early on several occasions. Appx. 5 - Paris Dep. 46:21-47:22.[5] Plaintiff became "irate, and was yelling and screaming" in front of customers and other employees. Appx. 5 - Paris Dep. 47:23-49:9. Plaintiff later attempted to resume her employment, but was not permitted to do so. Appx. 5 - Paris Dep. 52:6-17.

    b. In December 2022, Plaintiff walked out during a scheduled shift at Hart's Restaurant & Lounge. Appx. 6 - Hartman Dep. 25:4-26:20.[6] This instance, along with Plaintiff's "tendency to run late" and the fact that Plaintiff had called off approximately seven shifts in the three months she worked at Hart's, resulted in a discontinuation of Plaintiff's employment, despite Plaintiff's later attempts to resume her position. Appx. 6 - Hartman Dep. 28:13-21; 29:11-21; 33:7-15.

**II. Statement of Plaintiff Not Being Hired**

15. Defendant's hiring process begins when an applicant submits a resume either online through Indeed.com, or in-person at the front desk of Defendant. Appx. 3 - Plutto Dep. 32:10-17.

---

[5] The Transcript for the Deposition of Timothy Paris is referred to as the "Paris Dep.".
[6] The Transcript for the Deposition of Gena Harman is referred to as the "Hartman Dep.".

16. Additionally, applicants can be recommended for a position by current employees of Defendant. Appx. 3 - Plutto Dep. 32:14-17.

17. After an application is received, the hiring manager in the relevant department reaches out to the applicant to schedule an initial interview. Appx. 3 - Plutto Dep. 32:18-21.

18. Based on the initial interview, the hiring manager chooses whether they want to proceed with the applicant and, if so, the applicant is invited back to complete new hire paperwork and a background check. Appx. 3 - Plutto Dep. 32:21-33:1.

19. Once the new hire paperwork and background check have been completed, the applicant returns for a final interview with Defendant's general manager, Robert Plutto. Appx. 3 - Plutto Dep. 8:14-16; 33:1-3.

20. The final stage of the hiring process is a drug test, which every employee is required to take and pass prior to beginning their employment. Appx. 3 - Plutto Dep. 10:22-23; 33:3-7.

### a. Caitlin Hutchison

21. Defendant's banquet manager, Caitlin Hutchison, is the initial contact for an interview in Defendant's banquet department. Appx. 1 - Hutchison Dep. 8:16-9:15.

22. Plaintiff applied to Defendant for the position of banquet bartender through Indeed.com in or around summer 2021. Appx. 1 - Hutchison Dep. 9:22-10:7; 11:20-23.

23. At that time, there were several other applicants for the banquet bartender position, all of whom were interviewed by Hutchison and none of whom were ultimately hired for the position. Appx. 1 - Hutchison Dep. 10:21-11:15.

24. Plaintiff participated in two interviews at Defendant's place of business, the first of which occurred in or around July 2021, and the second of which occurred on or around August 3, 2021. Appx. 1 - Hutchison Dep. 11:24-14:17.

25. Plaintiff used "foul language" during her first interview, and arrived dressed in "jeans and a tank top" for a special events role, which Hutchison deemed to be "unprofessional." *See* Appx. 1 - Hutchison Dep. 14:24-15:5; 15:24-16:7.

26. Despite this, Hutchison invited Plaintiff back for a second interview, during which Hutchison and Plaintiff reviewed Defendant's drug testing policy, and Plaintiff disclosed that she was prescribed methadone. Appx. 1 - Hutchison Dep. 16:8-12; 16:25-17:7; 19:23-20:2.

27. Plaintiff declined to take a drug test because she was not comfortable doing so, and Hutchison responded that they could not move forward without a drug test, as that was Defendant's policy. Appx. 1 - Hutchison Dep. 22:25-23:7; 25:6-10.

28. Following the second interview, Hutchison relayed to Plutto that Plaintiff was not comfortable taking a drug test, and Plutto responded that a drug test was required for all employees. Appx. 1 - Hutchison Dep. 27:23-28:8.

29. Hutchison concedes that she has a hard time distinguishing between the first and second interviews, and that it is possible some of the events described for the first interview actually occurred during the second interview. Appx. 1 - Hutchison Dep. 32:10-19.

30. Even if Plaintiff had passed a drug test, Hutchison would not have recommended that Defendant hire her "due to her lack of professionalism." Appx. 1 - Hutchison Dep. 34:7-35:4.

      **b.** **Robert Plutto**

31. Defendant's general manager, Robert Plutto, is the ultimate decisionmaker in the hiring process, and every applicant must participate in a final interview with Plutto prior to being hired. Appx. 3 - Plutto Dep. 17:3-12.

32. Plaintiff visited Defendant twice with regards to the banquet bartender position, and that Plaintiff's first visit was for the purpose of an initial interview with the banquet manager, Caitlin Hutchison. Appx. 3 - Plutto Dep. 20:11-18.

33. The purpose of Plaintiff's second meeting was to complete her final interview, to fill out new hire paperwork, and to take her drug test. Appx. 3 - Plutto Dep. 20:19-22.

34. After Plaintiff's second interview, Hutchison came to Plutto's office and explained that Plaintiff had a preexisting medical condition for which she was prescribed methadone. Appx. 3 - Plutto Dep. 17:19-25.

35. Plutto responded that "like all staff, she must take a drug test;" Plaintiff never met with Plutto and she ultimately was not hired. Appx. 3 - Plutto Dep. 17:25-18:2; 21:1-2.

36. The purpose of the drug policy is the safety of the hotel, staff, and clientele. Appx. 3 - Plutto Dep. 27:21-28:2.

37. There is particular importance to having bartenders drug tested because they service customers, their work involves knife skills, and there are concerns related to overserving and DUIs. Appx. 3 - Plutto Dep. 28:3-9.

38. Defendant has a long history of hiring recovering addicts, including individuals currently taking methadone. *See* Appx. 3 - Plutto Dep. 28:10-32:9. These individuals "all followed the process and took their drug test," and methadone was not a bar to hiring for any of these employees. Appx. 3 - Plutto Dep. 31:17-21.

   c. **Jeanna Godwin**

39. Plaintiff recalls applying to Defendant in late July or early August of 2021. Appx. 4 - Godwin Dep. 55:23-25.

40. After submitting her application, Plaintiff was contacted by banquet manager Caitlin Hutchison and the two scheduled a time for an initial interview. Appx. 4 - Godwin Dep. 56:7-57:6.

41. Plaintiff requested to reschedule the date and/or time of her initial interview several times, and Hutchison accommodated all of those requests. *See* Appx. 4 - Godwin Dep. 86:9-94:1; Ex. C (text messages).

42. After Plaintiff resolved her scheduling conflicts, Plaintiff visited Defendant to meet with Hutchison, at which time they completed new hire paperwork and a background check, and reviewed Defendant's drug policy. Appx. 4 - Godwin Dep. 58:4-59:5.

43. Plaintiff recalls that as she was leaving the initial interview, Plaintiff was informed that Defendant conducted on-site drug testing for new hires, and Plaintiff responded by disclosing her methadone prescription and ability to provide medical documentation if necessary. Appx. 4 - Godwin Dep. 59:13-22.

44. Plaintiff indicates that Hutchison called her a few hours after the initial interview to inform Plaintiff that Defendant would be unable to hire her unless she took and passed a drug test. Appx. 4 - Godwin Dep. 80:13-81:11.

Wherefore, the Defendant respectfully submits this Concise Statement of Material Facts, which the Defendant has referenced in its Motion for Summary Judgment and Memorandum of Law in support of its Motion for Summary Judgment.

*Remainder of page intentionally left blank.*

Dated: April 24, 2023                    Respectfully submitted,

                WHITEFORD TAYLOR & PRESTON, LLP

                /s/ *Anthony T. Gestrich*
                Anthony T. Gestrich, Esquire
                Pa. I.D. No. 325844
                11 Stanwix Street, Suite 1400
                Pittsburgh, PA  15222
                T: 412-275-2400
                F: 412-567-7564
                agestrich@whitefordlaw.com

                *Counsel for Defendant*