**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEANNA GODWIN**, | |
| Plaintiff, | |
| v. | Case No. 2:22-cv-01066-PLD |
| **THE GEORGE WASHINGTON, LP**, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................- 1 –

**BACKGROUND** ..............................................................................................................- 1 -

**ARGUMENT** ..................................................................................................................- 2 –

    I.    LEGAL STANDARDS FOR SUMMARY JUDGMENT ...................................... - 2-

    II.    THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT AS TO PUNITIVE DAMAGES BECAUSE THERE IS NO EVIDENCE THAT DEFENDANT ACTED WITH MALICE OR RECKLESS INDIFFERENCE IN MAKING ITS HIRING DECISION AS TO PLAINTIFF ... - 3 –

    III.    THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT THAT THE NUMBER OF EMPLOYEES OF DEFENDANT FOR PURPOSES OF THE ADA DAMAGES CAP IS LESS THAN 101 AND DAMAGES ARE THEREFORE LIMITED TO NO MORE THAN $50,000 IN THIS CASE.. - 5 –

    IV.    THIS COURT SHOULD GRANT SUMMARY JUDGMENT THAT NO DISCRIMINATION OCCURRED BECAUSE PLAINTIFF'S ONLY EVIDENCE OF DISCRIMINATION IS HER OWN SUBJECTIVE BELIEF THAT SHE WAS NOT HIRED BECAUSE SHE WAS ON METHADONE.............................................. - 7 –.

**CONCLUSION** ...............................................................................................- 9 –

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ...................................................... - 3 -
*Boney v. MyDoc Urgent Care*, No. CV 19-2309-KSM, 2020 WL 1536541, at *2 (E.D. Pa. Mar. 31, 2020) ..................................................................................................................................- 6 -
*Cmty. Bank v. Fid. Nat'l Title Ins. Co.*, 550 F. Supp. 3d 244, 251 (W.D. Pa. 2021)........... - 2 -, - 3 -
*Donnelly v. Cap. Vision Servs., LLC*, No. CV 20-4189, 2022 WL 17486361, at *10 (E.D. Pa. Dec. 6, 2022).................................................................................................. - 4 -, - 5 -, - 8 -
*Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 218–19 (3d Cir. 2015) ............................ - 6 -, - 7 -
*Garcia v. Vertical Screen*, 592 F. Supp. 3d 409, 419 (E.D. Pa. 2022) ......................................- 8 -
*GEICO Cas. Co. v. Alicea*, 416 F. Supp. 3d 425, 429 (W.D. Pa. 2019).....................................- 2 -
*Godwin v. George Washington, LP*, No. CV 22-1066, 2022 WL 18027827, at *3 (W.D. Pa. Dec. 30, 2022) ................................................................................................................................- 4-
*Gorman v. N. Pittsburgh Oral Surgery Assocs., Ltd.*, 664 F. Supp. 212, 214 (W.D. Pa. 1987).- 7 -
*Hill v. Barnacle*, 509 F. Supp. 3d 380, 385 (W.D. Pa. 2020) ....................................................- 2 -
*Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 604 (E.D. Pa. 2020).........- 8 -
*Hornick v. Borough of Duryea*, 507 F. Supp. 1091, 1098 (M.D. Pa. 1980) ...............................- 7-
*Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001) .........- 3-
*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999) ...................................................... - 4 -, - 5 -
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06 (1973) .........................................- 7 -
*Parks v. Woodbridge Golf Club, Inc.*, No. 11-0562, 2016 WL 8716606 at *3 (E.D. Pa. July 22, 2016) ........................................................................................................................................- 6 -
*Shepherdson v. Loc. Union No. 401 of Int'l Ass'n of Bridge Structural & Ornamental Ironworkers*, 823 F. Supp. 1245 (E.D. Pa. 1993) .....................................................................- 7 -
*Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) .......................- 3 -
*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 518 (1993)..........................................................- 8 -
*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)..........................................- 8 -
*Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212 (1997) ..............................................- 6 -
*Walton v. Mental Health Ass'n. of Se. Pennsylvania*, 168 F.3d 661, 667–68 (3d Cir. 1999) ......- 7-
*Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) ..................- 2 -
*Windish v. Buckingham Twp.*, No. CV 20-5942, 2023 WL 1475083, at *6 (E.D. Pa. Feb. 2, 2023) ................................................................................................................................ - 7 -, - 8 -

**Statutes**

42 U.S.C. § 12101................................................................................................................ - 4 -, -5 -
42 U.S.C. § 12111(5)(A)..............................................................................................................- 6 -
42 U.S.C. § 12112........................................................................................................................- 7 -
42 U.S.C. § 1981.............................................................................................................4 -, - 6 -, - 7 -

**Rules**

Fed. R. Civ. P. 56................................................................................................ - 1 -, - 2 -, - 3 -

ii

## INTRODUCTION

Defendant, The George Washington, LP ("Defendant"), by and through its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Law in Support of the Defendant's Motion for Summary Judgment (the "Memorandum"). Contemporaneously filed with this Memorandum is the Concise Statement of Material Facts (the "Statement")[1], which shall be referenced throughout this Memorandum and the accompanying Motion for Summary Judgment.

In this action, Plaintiff, Jeanna Godwin ("Plaintiff"), seeks various alleged damages, including punitive damages, against Defendant under the Americans with Disabilities Act and the Pennsylvania Human Relations Act. Complaint, ¶¶4, 24-32, 38-40. Specifically, Plaintiff alleges that Defendant discriminated against Plaintiff and failed to hire Plaintiff "based on a disability/perceived disability" concerning "prescribed addiction maintenance medication". Complaint, ¶20-21. As described more fully herein, there is no genuine dispute as to any material fact with respect to (a) Plaintiff not being entitled to punitive damages due to lack of malice or reckless indifference, (b) compensatory damages (if any) being capped due to Defendant never employing more than 101 employees during any relevant time period and (c) Plaintiff not being entitled to any relief, as she did not suffer an adverse employment decision due to her disability.

## BACKGROUND

This is a relatively simple case. As more fully set forth in the accompanying Statement, which is incorporated by reference as if fully restated herein, Plaintiff sought employment as a bartender at Defendant's event center, but was not hired. Contrary to Plaintiff's allegations,

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Statement.

Defendant did not hire Plaintiff due to Plaintiff's refusal to take a drug test, which is a required step in Defendant's employment process. While Plaintiff disqualified herself from employment by refusing to take a drug test, it is not at all certain that Plaintiff would have been hired due to unprofessional conduct displayed by Plaintiff during the hiring process. Defendant's impressions of Plaintiff's unprofessional conduct are validated by Plaintiff's job history and the fact that Plaintiff has been fired by two other employers after disqualifying herself from employment by Defendant.

## ARGUMENT

### I. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Cmty. Bank v. Fid. Nat'l Title Ins. Co.*, 550 F. Supp. 3d 244, 251 (W.D. Pa. 2021) (citing *GEICO Cas. Co. v. Alicea*, 416 F. Supp. 3d 425, 429 (W.D. Pa. 2019)).

A fact is material if it "could affect the outcome of litigation." *Hill v. Barnacle*, 509 F. Supp. 3d 380, 385 (W.D. Pa. 2020) (citing *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)); *see also GEICO*, 416 F. Supp. 3d at 429 ("A disputed fact is material if it might affect the outcome under the substantive law."). A dispute is genuine where the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Fidelity*, 550 F. Supp. 3d at 251. When the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial," the moving party is entitled to judgment as a matter of law. *Id.* (quoting *Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001)).

A party asserting that a fact cannot be or is genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Inferences from the evidence should be drawn in favor of the nonmoving party. *Fidelity*, 550 F. Supp. 3d at 247 n.1 ("[A]ny disputed evidence is viewed in the light most favorable to the non-moving party.") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor.")).

"[O]nce the moving party satisfied its burden, the non-moving party must present sufficient evidence . . . in rebuttal," which evidence must do more than raise "some metaphysical doubt as to the material facts." *Fidelity*, 550 F. Supp. 3d at 252. Even if there is some dispute raised by the evidence of the non-moving party, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 251 (quoting *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008)).

**II.     THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT AS TO PUNITIVE DAMAGES BECAUSE THERE IS NO EVIDENCE THAT DEFENDANT ACTED WITH MALICE OR RECKLESS INDIFFERENCE IN MAKING ITS HIRING DECISION AS TO PLAINTIFF.**

Plaintiff seeks, among other things, punitive damages. Complaint, ¶ 31. While Defendant contends that no damages are warranted in this case, there is absolutely no evidence that would so

much as suggest that Plaintiff may be entitled to punitive damages. Under the Americans with Disabilities Act, 42 U.S.C. § 12101 (the "ADA"), "the complaining party may recover compensatory and punitive damages" as well as "any relief authorized by section 706(g) of the Civil Rights Act of 1964" in connection with unlawful intentional discrimination in employment. 42 U.S.C. § 1981a(a)(2). Pursuant to Section 1981a(b)(1), punitive damages may be awarded in cases where "the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with *malice* or with *reckless indifference* to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1) (emphasis added). "The Supreme Court has held that 'the terms "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.'" *Godwin v. George Washington, LP*, No. CV 22-1066, 2022 WL 18027827, at *3 (W.D. Pa. Dec. 30, 2022) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999)). An employer must "at least discriminate in the face of a perceived risk that its actions will violate federal law" in order for punitive damages liability to arise. *Id.* (quoting *Kolstad*, 527 U.S. at 535–36); *see also Donnelly v. Cap. Vision Servs., LLC*, No. CV 20-4189, 2022 WL 17486361, at *10 (E.D. Pa. Dec. 6, 2022).

Eligibility for punitive awards generally requires evidence of the defendant's "evil intent," "bad motive," or other "positive element[s] of conscious wrongdoing." *Kolstad*, 527 U.S. at 538. Certain instances of intentional wrongdoing will not give rise to punitive damages liability, including those "where the employer is unaware of the relevant federal law, where the employer believes its discrimination is lawful, or where a plaintiff asserts a novel theory of discrimination." *Donnelly*, 2022 WL 17486361, at *10 (quoting *Kolstad*, 527 U.S. at 536–37).

In the present case, no evidence exists that would even suggest that Defendant acted with malice/reckless indifference in choosing not to hire Plaintiff. To the contrary, Defendant accommodated Plaintiff's multiple rescheduling requests and has a history of employing other recovering addicts/persons prescribed methadone. Statement ¶ 38. Further, Defendant requires all potential hires to take the drug test as part of the hiring process and Plaintiff refused to do so. Statement ¶¶ 20, 26, 35-36. While Plaintiff was not hired due to her refusing to take a drug test, Defendant also had concerns about Plaintiff's lack of professionalism. Statement ¶¶ 25-28, 30. Defendant naturally had no reason to know or suspect that not hiring Plaintiff may be unlawful, as Defendant chose not to hire Plaintiff for completely nondiscriminatory reasons. In particular, Plaintiff was not hired because she refused to take a blood test as part of the hiring process. Statement, ¶¶ 20, 26, 35-36. As Plaintiff was not hired due to Plaintiff choosing not to complete the hiring process, Defendant had no reason to suspect there was any risk that its actions violated federal law and there is no evidence of evil intent, bad motive, or other conscious wrongdoing required for punitive damages.

**III.   THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT THAT THE NUMBER OF EMPLOYEES OF DEFENDANT FOR PURPOSES OF THE ADA DAMAGES CAP IS LESS THAN 101 AND DAMAGES ARE THEREFORE LIMITED TO NO MORE THAN $50,000 IN THIS CASE.**

Defendant did not discriminate when choosing not to hire Plaintiff, such that no damages are due Plaintiff. Assuming *arguendo* that Defendant had discriminated against Plaintiff, which it did not, damages are limited due to the number of employees that Defendant employed during the applicable time period. Under the ADA, an "employer" is defined as "a person . . . who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). The "ultimate touchstone" of this

classification is "not the number of individuals compensated on a given day, but rather 'whether an employer has employment relationships with'" those individuals. *Boney v. MyDoc Urgent Care*, No. CV 19-2309-KSM, 2020 WL 1536541, at *2 (E.D. Pa. Mar. 31, 2020) (citing *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212 (1997); *Parks v. Woodbridge Golf Club, Inc.*, No. 11-0562, 2016 WL 8716606 at *3 (E.D. Pa. July 22, 2016)). To make this determination, "all one needs to know about a given employee for a given year is whether he started or ended employment during that year and, if so, when" because "[h]e is counted as an employee for each working day after arrival and before departure." *Id.*

Pursuant to 42 U.S.C. 1981a(b)(3)(A)–(D), the sum of the amount of compensatory and punitive damages awarded in cases of intentional discrimination in employment cannot exceed the following thresholds, based on the number of employees an employer has:

> **(A)** in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
>
> **(B)** in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000;
>
> **(C)** in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and
>
> **(D)** in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

42 U.S.C. § 1981a(b)(3)(A)–(D). Part-time and temporary workers are included when determining the number of employees for purposes of these caps. *See Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 218–19 (3d Cir. 2015) (finding that temporary workers are classified as "employees" for Title VII purposes); *Shepherdson v. Loc. Union No. 401 of Int'l Ass'n of Bridge Structural & Ornamental Ironworkers*, 823 F. Supp. 1245, 1251 (E.D. Pa. 1993) ("As indicated by plaintiff and

not challenged by defendants, both part-time and full-time employees count . . . [for Title VII purposes]."); *Gorman v. N. Pittsburgh Oral Surgery Assocs., Ltd.*, 664 F. Supp. 212, 214 (W.D. Pa. 1987) ("In our judgment, if Congress had intended to exclude part-time or seasonal labor [from ADEA requirements], the intent would have been made clear."); *Hornick v. Borough of Duryea*, 507 F. Supp. 1091, 1098 (M.D. Pa. 1980) ("I am in accord with those courts which have held that part-time workers are to be counted . . . [for Title VII purposes].").

At all times relevant hereto, Defendant employed fewer than 101 employees. Statement ¶ 2. Plaintiff has no evidence to the contrary. As a result, even if Plaintiff were entitled to damages, the damages are limited to $50,000 pursuant to Section 1981a(b)(3)(A).

**IV. THIS COURT SHOULD GRANT SUMMARY JUDGMENT THAT NO DISCRIMINATION OCCURRED BECAUSE PLAINTIFF'S ONLY EVIDENCE OF DISCRIMINATION IS HER OWN SUBJECTIVE BELIEF THAT SHE WAS NOT HIRED BECAUSE SHE WAS ON METHADONE.**

The ADA provides that an employer shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. In the absence of direct evidence of discrimination, courts assess ADA discrimination claims under the well-known *McDonnell Douglas* burden-shifting framework. *Windish v. Buckingham Twp.*, No. CV 20-5942, 2023 WL 1475083, at *6 (E.D. Pa. Feb. 2, 2023) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06 (1973); *Walton v. Mental Health Ass'n. of Se. Pennsylvania*, 168 F.3d 661, 667–68 (3d Cir. 1999)). This framework provides that:

> [The] plaintiff bears the initial burden of establishing a *prima facie* discrimination or retaliation claim; the burden then shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action at issue; and the burden finally shifts back to the plaintiff to show that the non-discriminatory or non-retaliatory reason is a pretext for unlawful discrimination or retaliation.

*Windish*, 2023 WL 1475083, at *6.

"Under the burden-shifting framework, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Garcia v. Vertical Screen*, 592 F. Supp. 3d 409, 419 (E.D. Pa. 2022) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 518 (1993)).

To establish a *prima facie* case of discrimination under the ADA, the plaintiff must show that "(1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an adverse employment decision due to discrimination." *Donnelly*, 2022 WL 17486361, at *6 (citing *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). It is a requirement that the disability "must have been a 'but-for' cause of the termination." *Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 604 (E.D. Pa. 2020).

Plaintiff's disability is not the "but-for" cause of her adverse employment decision. Plaintiff's only alleged evidence of discrimination is her own subjective belief that she was not hired because she was on methadone. Contrary to Plaintiff's allegations, during the hiring process, Plaintiff rescheduled many times, showed up in unprofessional attire, used profane language, all of which had nothing to do with Plaintiff's medical condition. *See*, Statement, ¶¶ 25, 41. Most importantly, Plaintiff disqualified herself from employment by refusing to take Defendant's required drug test. See, Statement, ¶¶ 20, 26, 35-36. Also, Defendant has a history of hiring recovering addicts and employees on methadone treatment have taken Defendant's drug test and it was not a bar to their employment. Statement, ¶ 38. Defendant's concerns regarding Plaintiff's professionalism and decision not to hire have been validated by Plaintiff's job history and the fact

that Plaintiff has been fired from the two jobs she has had since interviewing with Defendant. *See*, Statement, ¶¶ 12-14. Plaintiff's disability is not the reason that she was not hired by Defendant and cannot be the "but for" cause of Defendant's decision not to hire Plaintiff. Accordingly, Plaintiff's case fails, as Plaintiff cannot prove that she suffered an adverse employment decision due to her disability.

## CONCLUSION

There is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Specifically, Defendant is entitled to summary judgment in its favor with respect to (a) Plaintiff not being entitled to punitive damages due to lack of malice or reckless indifference, (b) compensatory damages (if any) being capped due to Defendant never employing more than 100 employees during any relevant time period and (c) Plaintiff not being entitled to any relief, as she did not suffer an adverse employment decision due to her disability.

Date:   April 24, 2023            Respectfully submitted,

                                  WHITEFORD TAYLOR & PRESTON, LLP


                                  */s/Anthony T. Gestrich*
                                  Anthony T. Gestrich, Esquire
                                  Pa. I.D. No. 325844
                                  11 Stanwix Street, Suite 1400
                                  Pittsburgh, PA  15222
                                  T: 412-275-2400
                                  F: 412-567-7564
                                  agestrich@whitefordlaw.com

                                  *Counsel for Defendant*