IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEANNA GODWIN**,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**THE GEORGE WASHINGTON, LP**,<br><br>　　　Defendant. | Case No. 2:22-cv-01066-PLD |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff fails to produce evidence to dispute critical facts, including the lack of any evidence to support Plaintiff's request for punitive damages and the lack of evidence to support Plaintiff's speculation that discrimination occurred. This lack of evidence requires that Plaintiff's claim and request for punitive damages be dismissed.

As for Plaintiff's claim for damages in excess of $50,000.00, Plaintiff agrees that federal law forbids such recovery. Plaintiff instead relies on a PHRA claim that is not in her Second Amended Complaint to support her theory. However, Plaintiff waived that claim by excluding the PHRA from her Second Amended Complaint.

Therefore, for the reasons set forth in Defendant's Motion for Summary Judgment and this Reply Brief, Defendant requests that this Court enter summary judgment in Defendant's favor.

**BACKGROUND**

In this action, Plaintiff Jeanna Godwin ("Plaintiff"), seeks various alleged damages, including punitive damages, against Defendant under the Americans with Disabilities Act and the Pennsylvania Human Relations Act. Complaint ¶¶ 4, 24-32, 38-40. Specifically, Plaintiff alleges

that Defendant discriminated against Plaintiff and failed to hire Plaintiff "based on a disability/perceived disability" concerning "prescribed addiction maintenance medication." Complaint ¶ 20-21.

On April 24, 2023, Defendant filed its Motion for Summary Judgment, establishing that there is no genuine dispute as to any material fact with respect to (a) Plaintiff not being entitled to punitive damages due to lack of malice or reckless indifference, (b) compensatory damages (if any) being capped due to Defendant never employing more than 101 employees during any relevant time period, and (c) Plaintiff not being entitled to any relief, as she did not suffer an adverse employment decision due to her disability. *See generally* Def.'s Mot. Summ. J.

On May 24, 2023, Plaintiff filed her Brief in Opposition to Defendant's Motion for Summary Judgment (the "Response"), arguing that (a) Plaintiff is entitled to punitive damages because she has demonstrated a purposeful and intentional decision to discriminate against her as a recovering addict, (b) there is no cap on compensatory damages under the Pennsylvania Human Relations Act ("PHRA"), and (c) Plaintiff has established a prima facie claim for disability discrimination based on the "undisputed temporal proximity" between Plaintiff's disclosure of her recovering addict status and Defendant's decision not to hire Plaintiff. *See generally* Pl.'s Resp.

Contrary to Plaintiff's Response, the facts demonstrate that Plaintiff sought employment as a bartender at Defendant's event center, but was not hired. Defendant did not hire Plaintiff due to Plaintiff's refusal to take a drug test, which is a required step in Defendant's employment process. *See* Def.'s Concise Statement ¶¶ 20, 26, 35-36. While Plaintiff disqualified herself from employment by refusing to take a drug test, it is not at all certain that Plaintiff would have been hired due to unprofessional conduct displayed by Plaintiff during the hiring process. *See id.* ¶¶ 25, 41. Defendant's impressions of Plaintiff's unprofessional conduct are validated by Plaintiff's job

history and the fact that Plaintiff has been fired by two other employers after disqualifying herself from employment by Defendant. *See id.* ¶¶ 12-14.

## ARGUMENT

### I.  PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES BECAUSE DEFENDANT DID NOT ACT WITH MALICE OR RECKLESS INDIFFERENCE IN CHOOSING NOT TO HIRE PLAINTIFF.

Plaintiff is not entitled to punitive damages in this case. A defendant must act with "*malice* or with *reckless indifference* to the federally protected rights of an aggrieved individual" in order to be found liable for punitive damages, and Defendant's decision not to hire Plaintiff does not rise to this standard. 42 U.S.C. § 1981a(b)(1) (emphasis added).

Plaintiff's only argument in support of her claim for punitive damages is that Plaintiff, Ms. Hutchinson, and Mr. Plutto have differing memories of the events that took place during Plaintiff's hiring process. Pl.'s Resp. at 11-12. Plaintiff fails to acknowledge Defendant's multiple attempts to accommodate her scheduling changes or Defendant's history of employing other persons prescribed methadone. Moreover, Plaintiff does not refute that Defendant had legitimate, nondiscriminatory reasons for choosing not to hire Plaintiff, namely Defendant's perception that Plaintiff's attire was unprofessional and Defendant's perception that Plaintiff used profane language throughout the hiring process. Furthermore, Plaintiff refused to submit to a drug test, which is an independent reason not to hire Plaintiff.

Based on the foregoing, there is no evidence of any evil intent, bad motive, or other conscious wrongdoing that would be required to find Defendant liable for punitive damages, and this Court should grant summary judgment in favor of Defendant as to punitive damages.

**II.   ANY DAMAGES IN THIS CASE ARE LIMITED TO $50,000 BASED ON THE ADA DAMAGES CAP AND THE FACT THAT PLAINTIFF WAIVED ANY PHRA CLAIM BY FAILING TO RAISE A PHRA CLAIM IN THE SECOND AMENDED COMPLAINT.**

Defendant maintains that it did not discriminate in choosing not to hire Plaintiff. If any portion of Plaintiff's case proceeds past summary judgment, Plaintiff concedes that "Defendant's analysis of the compensatory damages cap is correct as to the Americans with Disabilities Act," which limits such damages to no more than $50,000 for employers like Defendant. Pl.'s Resp. at 2; 42 U.S.C. § 1981a(b)(3)(A). As such, even if Plaintiff is entitled to any recovery (she is not), there is no genuine dispute of material fact that damages would be limited to $50,000 pursuant to Section 1981a(b)(3)(A).

Plaintiff attempts to bypass the cap on compensatory damages by resurrecting an abandoned PHRA claim. Pl.'s Resp. at 12-14. Plaintiff filed a PHRA claim in the original version of the Complaint. But then Plaintiff omitted this claim from the operative complaint—that is, the Second Amended Complaint. *See* Second Am. Compl. An amended complaint supersedes the original version, and the most recently filed amendment becomes the operative pleading. *See Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 835 (3d Cir. 2022) (quoting Charles Wright & Arthur Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (2023)) (finding that "an amended complaint 'supersedes the pleading it modifies,'" such that "the original complaint 'no longer perform[s] any function in the case'"); *Kopko v. Lehigh Valley Health Network*, 776 F. App'x 768, 774 (3d Cir. 2019) (finding that plaintiff who raised a particular PHRA claim in her original complaint, which was abandoned in plaintiff's amended complaint, had effectively waived that particular claim); *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit."); *Kreis v. Northampton Cnty. Prison*, 564 F. Supp. 3d 359, 361 (E.D. Pa. 2021) (quoting

*Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading."); *Berkery v. Equifax Info. Servs. LLC*, 429 F. Supp. 3d 24, 31 (E.D. Pa. 2019) (quoting *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013)) ("A plaintiff's 'amended complaint supersedes the original and renders it of no legal effect.'"); *Davenport v. Saint Mary Hosp.*, 633 F. Supp. 1228, 1239 (E.D. Pa. 1986) (declining to address plaintiff's section 9501 claim, which plaintiff had included in her original complaint, because "plaintiff did not allege in her amended complaint that defendants had violated section 9501" and "[p]laintiff's amended complaint supersedes her original one"); Noah Gordon et al., 61B Am. Jur. 2d Pleading § 730 (2023) ("By filing an amended pleading, the pleader abandons his or her earlier pleading; accordingly, where the plaintiff fails to include in his or her amended petition a cause of action that has been included in a previously filed petition, that cause of action will no longer be before the court.").

Plaintiff's Second Amended Complaint is the operative pleading in this case. Plaintiff makes no reference to the PHRA claim in the Second Amended Complaint. Although Plaintiff may have raised the PHRA claim in earlier pleadings, such pleadings are without legal effect. As such, this Court should decline to address Plaintiff's waived PHRA claim.

**III.   THE MERE FACT THAT DEFENDANT REQUIRED PLAINTIFF TO TAKE A DRUG TEST PRIOR TO EMPLOYMENT IS NOT SUFFICIENT EVIDENCE OF DISABILITY DISCRIMINATION UNDER THE ADA.**

Plaintiff has not proffered evidence sufficient to establish a disability discrimination claim under the ADA, whereby Plaintiff has "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff," and Plaintiff must show that her disability was a "but-for" cause of an adverse employment decision. *Garcia v. Vertical Screen*, 592 F. Supp. 3d 409, 419 (E.D. Pa. 2022) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502,

518 (1993)); *Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 604 (E.D. Pa. 2020).

Plaintiff asserts that there are "ample facts beyond Ms. Godwin's subjective belief to demonstrate that the reason Defendant would not hire her was her disclosure that she was in a methadone maintenance program." Pl.'s Resp. at 7. These so-called "ample facts" include that "Ms. Godwin was notified that she would not be hired immediately after she disclosed her participation in a methadone maintenance program." *Id.* at 6-7. However, to the contrary, Plaintiff's own record of the facts established that her disclosure occurred as Plaintiff stood up to leave at the end of her second interview. *Id.* at 8-9. At that point in time, Defendant already had legitimate, nondiscriminatory reasons for choosing not to hire Plaintiff, including Plaintiff's numerous scheduling conflicts, unprofessional attire, and use of profane language throughout the hiring process. *See* Def.'s Concise Statement ¶¶ 25, 41. Moreover, Plaintiff has made no attempt to refute Defendant's history of employing recovering addicts and other persons on methadone, which directly contradicts any assertion that Plaintiff's disclosure of her prescribed methadone treatment was the "but-for" cause of Defendant's hiring decision. *See id.* ¶ 38. The mere fact that Defendant required Plaintiff to take a drug test prior to employment, which Defendant requires of all new applicants, is not sufficient evidence of disability discrimination under the ADA. *See* Technical Assistance Manual on the Employment Provisions (Title I) of the Americans With Disabilities Act, Equal Employment Opportunity Commission (Jan. 26, 1992), https://www.eeoc.gov/laws/guidance/technical-assistance-manual-employment-provisions-title-i-americans-disabilities-act ("It is not a violation of the ADA for employers to use drug tests to find out if applicants or employees are currently illegally using drugs. Tests for illegal use of drugs are not subject to the ADA's restrictions on medical examinations.").

Plaintiff has not met her burden of establishing discrimination under the ADA, and this Court should therefore grant summary judgment in favor of Defendant on this point.

## **CONCLUSION**

As more fully stated in Defendant's Motion for Summary Judgment, there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Specifically, Defendant is entitled to summary judgment in its favor with respect to (a) Plaintiff not being entitled to punitive damages due to lack of malice or reckless indifference, (b) compensatory damages (if any) being capped due to Defendant never employing more than 101 employees during any relevant time period, and (c) Plaintiff not being entitled to any relief, as she did not suffer an adverse employment decision due to her disability.

Date:   June 7, 2023                                              Respectfully submitted,

WHITEFORD TAYLOR & PRESTON, LLP

*/s/ Vivi Besteman*
Anthony T. Gestrich, Esquire
Pa. I.D. No. 325844
Vivi Besteman, Esquire
Pa. I.D. No. 331812
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
T: 412-275-2400
F: 412-567-7564
agestrich@whitefordlaw.com
vbesteman@whitefordlaw.com

*Counsel for Defendant*